**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4339**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HERMES CHIMAERA-EL,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:18-cr-00400-FDW-DSC-1)

Submitted: October 10, 2019               Decided: October 18, 2019

Before MOTZ and KING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mekka Jeffers-Nelson, LAW OFFICE OF MEKKA JEFFERS-NELSON, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hermes Chimaera-El appeals the district court's judgment revoking his term of supervised release and imposing a 14-month term of imprisonment. On appeal, Chimaera-El's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Chimaera-El's revocation judgment and the reasonableness of his sentence. Although notified of his right to do so, Chimaera-El has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

A court may revoke a defendant's supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2012). We review a district court's revocation decision for abuse of discretion and its factual findings for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015).

Here, *Anders* counsel questions whether *United States v. Haymond*, 139 S. Ct. 2369 (2019), which struck down the narrow revocation provision in 18 U.S.C. § 3583(k) (2012), impacted Chimaera-El's run-of-the-mill revocation judgment imposed under 18 U.S.C. § 3583(e)(3) (2012). Because the plurality in *Haymond* expressly limited its holding to § 3583(k), *see* 139 S. Ct. at 2383, we conclude that this decision does not provide a basis for finding Chimaera-El's judgment invalid.

Next, *Anders* counsel questions whether any additional considerations not raised at the revocation hearing should have resulted in a lower sentence. However, both Chimaera-El and the Government asked the district court to impose a 14-month sentence—a request

the court honored. Thus, we discern no procedural error in the court's decision not to impose an even lower sentence based on arguments that neither side advanced at the hearing. *See United States v. Slappy*, 872 F.3d 202, 206-08 (4th Cir. 2017) (stating standard of review for revocation sentences).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Chimaera-El's revocation judgment. This court requires that counsel inform Chimaera-El, in writing, of the right to petition the Supreme Court of the United States for further review. If Chimaera-El requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chimaera-El.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*